UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADAM SAVONA, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | 4:19-CV-03169 |
| Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Allstate Fire and Casualty Insurance Company (hereinafter referred to as "Allstate") gives notice and hereby removes this action from the 190th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### I. BACKGROUND

1.     On March 25, 2019, Plaintiff Adam Savona (hereinafter referred to as "Plaintiff") filed Plaintiff's Original Petition (hereinafter referred to as "Petition") in Harris County, Texas, under *Cause No. 2019-21403; Adam Savona v. Allstate Fire and Casualty Insurance Company, Maria L. Vera, and Benjamin Lowery; in the 190th District Court of Harris County, Texas* (hereinafter referred to as the "State Court Action").

2.     Plaintiff's claims relate to real property located at 1911 Cypress Creek Lakes, Cypress, Texas 77433 and homeowner's insurance policy no. 944 960 859, issued by Allstate.

3.      In Plaintiff's original petition, Plaintiff asserts claims for breach of contract, violations of the Texas Insurance Code, Deceptive Trade Practices Act Violations, and Breach of the Duty of Good Faith and Fair Dealing against Allstate.

4.      Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b)(3), or more specifically, within 30 days of the initial pleading becoming removable, as triggered by the dismissal of the adjuster Defendants in this matter.  This Notice of Removal is also being filed within one year of the commencement of this action.

## II. PROCEDURAL REQUIREMENTS

5.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *see also* 28 USC §124(b)(2).

6.      Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters.  Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibits B, and C**, and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served, along with the documents that have recently been filed with the Court, but not yet reflected on the Court's online docket sheet.

7.      Simultaneously with the filing of this Notice of Removal, Defendant files notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

8.      Included in this filing are Defendant's Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E**) and a List of All Counsel of Record (**Exhibit F**).

### III. BASIS FOR REMOVAL

9.      Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**A.      Diversity and Motion to Dismiss Adjuster Defendant with Prejudice**

10.     Plaintiff is and was at the time the lawsuit was filed, a natural person and resident of Harris County in the State of Texas and thus, a citizen of the State of Texas. *See* Plaintiff's Original Petition, ¶ 2.  Upon information and belief, Plaintiff intends to continue residing in Texas. *See Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

11.     Defendant, Allstate Fire and Casualty Insurance Company, is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

12.     Former Defendants, Maria L. Vera and Benjamin Lowery, were statutorily dismissed form this lawsuit on July 24, 2019 with prejudice pursuant to Section 542A.006 of the Texas Insurance Code (**Exhibit G**).  Tex. Ins. Code § 542A.006(a) (". . . [I]n an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.")  Tex. Ins. Code § 542A.006(c) ("If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.").

13.     As all Defendants are diverse at the time of removal, this Court has proper jurisdiction over this matter.

### B.      The voluntary-involuntary rule does not apply in this matter

14.     The voluntary-involuntary rule does not apply in this matter.  Generally, a case must be removed to federal court upon 30 days of service per 28 U.S.C. § 1446.  However, one of the exceptions to the 30-day removal rule holds that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446 (b)(3).

15.     Subject to this 30-day exception is the voluntary-involuntary rule which makes an action removable only by a voluntary act of the plaintiff.  *See Crockett v. R.J. Reynolds Tobacco Co*., 436 F. 3d 529, 532 (5th Cir. 2006).

16.     However, in *Hoyt v. Lane Constr. Corp*., the United States Court of Appeals for the Fifth Circuit held that the voluntary-nonvoluntary rule did not apply after dismissal of a non-diverse Defendant by summary judgment. 2019 WL 2417388 *2 (5th Cir. June 10, 2019); *see also Crockett*, 436 F. 3d at 533 ("When a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable . . . [a]s a result, the voluntary-involuntary rule did not bar Lane from removing the case to federal court.").  Likewise, this matter became removable upon statutory dismissal of the adjuster Defendants by state court, which is not an appealable decision.

### C.      Vera and Lowery were improperly joined as Defendants and should be disregarded for diversity purposes.

17.     Plaintiff alleges that Maria L. Vera and Benjamin Lowery are both residents of Dallas County, making them citizens of the State of Texas.  However, this is problematic, as both adjuster Defendants were allegedly served at the same corporate address: PO BOX 672041, Dallas, Texas 75267, which does not indicate where they reside.

18.     Nonetheless, even though they have now been dismissed from suit, at a minimum, they were fraudulently joined in this lawsuit and were sued for the sole purpose of defeating diversity jurisdiction.  *See Smallwood v. Illinois Cen. Rail Co*., 385 F 3d 568, 571 (5th Cir. 2004) (A court may disregard a party for diversity purposes if the court finds that joinder was improper and effectuated to defeat diversity).

19.     To determine whether a non-diverse Defendant has been improperly joined, the removing party must show that either there is actual fraud in the pleading itself, or that there is no reasonable possibility that a plaintiff will be able to establish a cause of action against the non-diverse defendant under state law.  *See Smallwood v. Illinois Cen. Rail Co*., 385 F. 3d 568, 573 (5th Cir. 2004); *see also Melder v. Allstate Corp*., 404 F.3d 328, 330 (5th Cir. 2005).  The second applies in this case.

20.     The court may conduct a rule 12(b)(6) analysis looking at the allegations in the petition and whether there are valid claims against the non-diverse Defendant under state law.  *Smallwood,* 385 F. 3d at 573.  *See also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (the Court must apply a federal pleading standard to conduct this analysis).  To pass this test, a complaint must have "enough facts to state a claim of relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007) (citing *Reece v. U.S. Bank Nat'l Ass'n*, 762 F. 3d 422, 424 (5th Cir. 2014)).

21.     In other words, Texas federal courts have historically required a plaintiff to allege *specific conduct* by an adjuster, not just mere conclusory legal or statutory statements masked as allegations.  *See Okenpu v. Allstate Texas Lloyd's*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012) (Harmon, J.).  *See also Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004) ("merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . .")

5

22.     In Plaintiff's Original Petition, the allegations against both adjuster Defendants are mere, boilerplate recitations of the Texas Insurance Code and Deceptive Trade Practices Act and are completely void of any *specific facts* about their actions or omissions with respect to the handling of Plaintiff's claim that would warrant legal recovery by Plaintiff.

23.     Furthermore, the allegations against the adjuster Defendants are not distinguishable from each other, nor from the allegations against the carrier Allstate.  Tex. Ins. Code § 542A.006(a). All of the allegations against the adjuster Defendants are essentially the same as those lodged against Allstate.  *See Keen v. Wausau Business Inc. Co*., 875 F. Supp. 2d 682, 686 (S.D. Tex. Mar. 20, 2012) (Harmon, J.) (citing *Centro Crisitano Cosecha Final, Inc. v. Ohio Cas. Ins. Co*., 2011 WL 240335 *14 (S.D. Tex. Jan. 20, 2011) (". . . when claims against the adjuster are identical to those against the insurer, the adjuster's actions are 'indistinguishable from [the insurer's] actions and hence are insufficient to support a claim against the adjuster.'").

24.     On the basis of the allegations against both adjusters in Plaintiff's Original Petition, there is no reasonable basis to predict that any liability would be imposed on either adjuster Defendant separate and apart from any liability potentially imposed on Allstate.  As such, complete diversity exists in this case.

### D.     Amount in Controversy

25.     In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co*., 75 F.

6

Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

26.     The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

27.     The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by Defendant Allstate. In Plaintiff's Original Petition, Plaintiff alleges actual damages in the amount of $66,923.38.  *See* Plaintiff's Original Petition, ¶ 20.

28.     Plaintiff has also asked for "any amount owed under the Policy, pre-judgment interest, post-judgment interest, court costs, attorneys' fees, interest amounts owed under the Texas Insurance Code's Prompt Payment of Claims provisions; and any other relief that she [sic] shows they [sic] are entitled to receive." Plaintiff's Original Petition, ¶ 33.

29.     Additionally, on August 8, 2018, per Plaintiff's 542A demand, Plaintiff requested $9,311.00 in attorney's fees and expenses.  (**Exhibit H**).  Accordingly, the actual amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant removes the State Court Action from the 190th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY N. BLUM**
TBN:  24092148
Southern District Bar No. 2601470
811 Louisiana, Suite 2400
Houston, TX  77002
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with the Federal Rules of Civil Procedure on this day of August 23, 2019.

Attorneys for Plaintiff, Savona
Sean H. McCarthy, Esq.
Williams Kherkher Hart Boundas, LLP
8441 Gulf Fwy Ste 600
Houston TX 77017

Andrew C. Cook, Esq.
The Cook Law Firm, PLLC
8441 Gulf Fwy, Sixth Flr
Houston TX 77017

**KIMBERLY BLUM**