# EXHIBIT C

Exhibit C

3/25/2019 2:06:23 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32205943
By: CUERO, NELSON
Filed: 3/25/2019 2:06:23 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:**  Plaintiff's Original Petition with Discovery

**FILE DATE:** _____  Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Benjamin Lowery

Address of Service:  Allstate Fire & Casualty Insurance Company, P.O. Box 672041

City, State & Zip: Dallas Texas 75267

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication Newspaper** _____ | ☐ **Citations Rule 106 Service** |

☐ **Citation Scire Facias**

☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**   ☐ **Capias (not an E-Issuance)**   ☐ **Attachment**

☐ **Certiorari**   ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**

☐ **Habeas Corpus**   ☐ **Injunction**   ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:

☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **E-Issuance by District Clerk**

☐ **MAIL to attorney at:** _____   **(No Service Copy Fees Charged)**

☐ **CONSTABLE**   *Note: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents.*

☑ **CERTIFIED MAIL by District Clerk**   *Visit www.hcdistrictclerk.com for more instructions.*

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  P. Griffin Bunnell   Bar # or ID  24080815

Mailing Address: 8441 Gulf Freeway, 6th Floor

Phone Number: 713-230-2322

Unofficial Copy Office of Marilyn Burgess District Clerk

3/25/2019 2:06:23 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32205943
By: CUERO, NELSON
Filed: 3/25/2019 2:06:23 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:**  Plaintiff's Original Petition with Discovery
_____

**FILE DATE:** _____  Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:**  Allstate Fire & Casualty Insurance Company
_____

Address of Service:  1999 Bryan Street, Suite 900
_____

City, State & Zip: Dallas Texas 75201
_____

Agent (if applicable)  C. T. Corporation Sysytems
_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication Newspaper** _____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [x] **MAIL to attorney at:**  address below
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**
- [ ] **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  P. Griffin Bunnell     Bar # or ID    24080815

Mailing Address: 8441 Gulf Freeway, 6th Floor _____

Phone Number: 713-230-2322 _____

**3/25/2019 2:06:23 PM**
**Marilyn Burgess - District Clerk**
**Harris County**
**Envelope No: 32205943**
**By: CUERO, NELSON**
**Filed: 3/25/2019 2:06:23 PM**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED _____
ADAM SAVONA v ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARIA L. VERA and BENJAMIN LOWERY

*(e.g. John Smith v. All American Insurance Co. In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** P. GRIFFIN BUNNELL <br><br> **Email:** gbunnell@williamskherkher.com | **Plaintiff(s)/Petitioner(s):** <br><br> **ADAM SAVONA** | ☐ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: |
| **Address:** 8441 Gulf Frwy, 6th Floor <br><br> **Telephone:** 713-230-2200 | **Defendant(s)/Respondent(s):** Allstate Fire & Casualty Insurance Company | **Additional Parties in Child Support Case:** <br><br> **Custodial Parent:** |
| **City/State/Zip:** Houston, Texas 77017 <br><br> **Fax:** 713-643-6226 | **Maria L. Vera, and** | **Non-Custodial Parent:** |
| **Signature:** /s/  P. Griffin Bunnell <br><br> **State Bar No:** 24080815 | **Benjamin Lowery** <br><br> *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law |
|---|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☑ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: _____ <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other |
| | | **Related to Criminal Matters** | | **Title IV-D** |
| | | ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: | **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: | ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☑ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

CAUSE NO. _____

| | | |
|---|---|---|
| **ADAM SAVONA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| **MARIA L. VERA and BENJAMIN** | § | |
| **LOWERY** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through their attorney of record, Sean H. McCarthy, Williams Kherkher Hart Boundas, LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Kherkher Hart Boundas, LLP. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

 a. You know the response made was incorrect or incomplete when made; or
 b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

**EXHIBIT A – Initial Discovery Served with Original Petition**

## DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.   The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.   "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

G.     "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H.     "Property" means the property defined in the Petition.

I.     "Policy" means the insurance policy identified in the Petition.

J.     The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K.     In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

    1.     His or her name;
    2.     His or her last known business and residence address and telephone number; and
    3.     His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L.     In each instance where you are asked to identify a document, state with respect to each document:

    1.     The type of document;
    2.     The general subject matter of the document;
    3.     The date of the document;
    4.     The names and addresses of the authors and recipients of the document;
    5.     The location of the document;
    6.     The identity of the person who has possession or control of the document;
    7.     Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M.     If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one numbered question is in fact one question and waive any objection based upon a limit of interrogatories.

N.     "Plaintiff" and "Plaintiff's" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS LLP**

By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    Southern District Bar No. 987779
    8441 Gulf Freeway, Ste 600
    Houston, TX 77017
    Telephone: 713-230-2322
    Fax: 713-643-6226
    E-mail: smccarthy@williamskherkher.com

AND

**THE COOK LAW FIRM, PLLC**

By: */s/ Andrew C. Cook*
    Andrew C. Cook
    State Bar No. 24057481
    Southern District No. 976434
    8441 Gulf Freeway, Sixth Floor
    Houston, Texas 77017
    Telephone:  (713) 713-230-2366
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

        */s/ Sean H. McCarthy*
        Sean H. McCarthy

## INTERROGATORIES TO DEFENDANT

1.    Identify all persons and/or entities who had any part and/or involvement in any way with the claim made the basis of the Lawsuit on behalf of Defendant (Claim Number 0417409281) and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

**ANSWER:**



## REQUESTS FOR PRODUCTION TO DEFENDANT

1.    The following insurance documents issued for the Property as identified in the Petition:

     a.   the Policy at issue for the date of loss as identified in the Petition; and
     b.   the Policy declarations page for the 3 years preceding the storm.

     **RESPONSE:**

2.    The entire, unaltered, un-redacted, original and complete claims file relating the
      Plaintiff's claim (Claim Number 0417409281) that made the basis of the lawsuit.  Please
      produce ESI in the same format in which it was maintained in the ordinary course of
      business.  This request encompasses all documents and ESI comprising the entire claim
      file that is in Defendants' possession, custody, and/or control.  **Please note this request
      seeks production of the original claim file.**

     **RESPONSE:**

3.    Produce underwriting files and documents relating to the underwriting for all insurance
      policies for the Property at issue.  This request is limited to the past 5 years.  To the
      extent Defendant contends that the underwriting file or documents older than 5 years
      impact the damages or coverage, produce that underwriting file or document.

     **RESPONSE:**

4.    All documents relating to the condition of the Property or damages of the Property.

     **RESPONSE:**

5.    All documents relating to the condition of the Property prior to the April 18, 2016 date of
      loss, including but not limited to any prior underwriting or renewal inspections.

     **RESPONSE:**

6.    All documents evidencing the policies, procedures, guidelines, or best practices that
      defendant requires its employees, agents, or contractors to follow when adjusting the type
      of claim here, i.e., wind and hail property damage.
     **RESPONSE:**

7.    All organization charts, diagrams, lists, and/or documents reflecting each department,
      division or section of Defendant's company to which the claim made the basis of this
      Lawsuit was assigned.

     **RESPONSE:**

8.      For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, review by, or prepared for the testifying expert.

   **RESPONSE:**

9.      Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

   **RESPONSE:**

10.     To the extent Defendant answers to the Plaintiff's First Interrogatories implicate Tex. R. Civ. P. 197.2(c) (Option to Produce Business Records), please produce any and all documents referenced, specified, and/or identified in those interrogatory responses. Please produce ESI in the same format in which it was maintained in the ordinary course of business.
   **RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**. Admit Plaintiff submitted the claim for storm damage identified with Claim No. Claim Number 0417409281 NBH within the deadlines proscribed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2**. Admit Plaintiff fully complied with all contractual obligations imposed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3**.  Admit that Defendant should assist its policyholders with their insurance claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4**. Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5**. Admit that Defendant should treat its policyholders interests equal to their own.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6**. Admit that Defendant performed an inspection of the Property before issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7**. Admit that Defendant performed an inspection of the Property within 60 days of issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 8**. Admit that Defendant did not inspect the Property prior to issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 9**. Admit that Defendant did not inspect the Property within 60 days of issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 10**. Admit that Defendant did not inspect the Property prior to renewing the Policy for policy period covering the April 18, 2016 claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 12**. Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the April 18, 2016 claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 13**. Admit that Defendant did inspect the Property prior to April 18, 2016.

RESPONSE:

**REQUEST FOR ADMISSION NO. 14**. Admit that Defendant did not inspect the Property prior to April 18, 2016.
RESPONSE:

3/25/2019 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32205943
By: Nelson Cuero
Filed: 3/25/2019 2:06 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ADAM SAVONA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| **MARIA L. VERA and BENJAMIN** | § | |
| **LOWERY** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND INITIAL
WRITTEN DISCOVERY REQUESTS**

Plaintiff Adam Savona files this Original Petition and Initial Written Discovery Requests against Defendants Allstate Fire and Casualty Insurance Company ("Allstate"), Maria L. Vera ("Vera") and Benjamin Lowery ("Lowery") and allege the following:

**I. DISCOVERY CONTROL PLAN**

1.    Plaintiff intends for discovery to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

**II. PARTIES**

2.    Plaintiff Adam Savona is a Texas resident who resides in Harris County, Texas.

3.    Allstate is a foreign insurance company doing business in the State of Texas and may be served with process through its registered agent for service of process in the State of Texas: C.T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

4.    Maria L. Vera is an insurance adjuster retained by Allstate in this matter. She is a resident of Dallas County, Texas and may be served with process by certified mail at her place of business at: **P.O. Box 672041, Dallas, TX 75267.**

Unofficial Copy Office of Marilyn Burgess District Clerk

5.      Benjamin Lowery is an insurance adjuster retained by Allstate in this matter.  He is a resident of Dallas County, Texas and may be served with process by certified mail at his place of business at: **P.O. Box 672041, Dallas, TX 75267.**

### III.  JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this cause of action because it the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states that as of today, Plaintiffs seek relief over $100,000.00, but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  Plaintiff reserves the right to amend his petition during and/or after the discovery process.

7.      This Court has personal jurisdiction over Allstate because Allstate is licensed to do business in Texas, and Plaintiff's causes of action arise out of Allstate's wrongful business activities within Harris County, Texas.

8.      The Court has personal jurisdiction over Lowery because he is a resident of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas. Further, Plaintiff's causes of action arise out of Lowery's insurance adjusting activities within the State of Texas.

9.      The Court has personal jurisdiction over Vera because she is a resident of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas. Further, Plaintiff's causes of action arise out of Vera's insurance adjusting activities within the State of Texas.

10.     Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(e) because all or a substantial part of the events or

omissions giving rise to the suit occurred in Harris County. Specifically, the loss at issue occurred in Harris County.

## IV. FACTIUAL BACKGROUND

11.     Plaintiff owns the residential property at 1911 Cypress Creek Lakes, Cypress, Texas 77433 (the "Property"). Allstate sold, and Plaintiff paid for, a Texas homeowners' insurance policy (the "Policy") to protect and insure Plaintiff's dwelling, other structures, personal property, and other items applicable to the Property. The Policy expressly covers all accidental direct physical loss to the Property caused by wind, hail and tropical storms. The Policy has a $16,267 deductible.

12.     In 2017, at least two storms swept across southeast Texas and Harris County causing widespread damage due to extreme winds, hail, and/or rain (the "Storms"). The first of these Storms was a severe windstorm accompanied by hail on or about March 29, 2017. The second was Hurricane Harvey in late August.

13.     Plaintiff's Property suffered extensive storm-related damage during the Storms. For example, the Storms damaged the entire roof. Water subsequently penetrated the damaged roof, causing interior water damage. Additonally, the outdoor area of the Property sustained storm damage.

14.     Following both Storms, Plaintiff promptly and timely reported his Property claims (the "Claims") with Allstate under the Policy and asked Allstate to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof and repair of the significant interior water damage.

15.     Plaintiff is entitled to these benefits under the Allstate Policy as it specifically covered Plaintiff's dwelling for the above referenced storm-related damages, and specifically,

hurricane, wind, and hail damage. All of the damage to the Property was covered under the express terms of the Policy.

16.     Allstate assigned two adjusters, Lowery and Vera, to adjust the claim and instructed them to inspect the Property for storm damage. Lowery and Vera conducted a substandard investigation and inspection of the Property. The adjusters were either improperly trained or intentionally ignored the damages that were present. Moreover the adjusters failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time and were clearly attributable to the Storms. They failed to note any of the obvious wind, hail and Hurricane damage. Lowery and Vera either negligently or intentionally failed to identify the numerous instances of damage found across the entire roof and interior damage that was a direct result of the Storms. Instead, Lowery and Vera misrepresented the nature of the cause of loss as resulting from a mechanical defect, deterioration and weather-related but misrepresented the damage was not Storm related.

17.     In truth, the entire roof suffered severe enough storm damage to require complete replacement and that damage was obviously present at the time of the inspections. The roof showed extensive wind, hail and Hurricane damage on multiple slopes.  Lowery and Vera completely failed to note the connection between the interior water damage just below the Storm-damaged roof and the recent Storms, and as a result the Adjusters claimed the interior leaks did not arise from the a Covered Loss. In short, they failed to conduct a reasonable inspection.

18.     Overall, Lowery and Vera pursued an outcome-oriented investigation, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property, which

is evident by the fact they either missed or ignored the vast majority of the damages that were obviously present during the inspection.

19. The Adjusters' failure to record the full extent of the Storm-damaged Property resulted in improperly under-scoped and consequently undervalued estimates for repairs that the Adjusters submitted to Allstate (the "Estimates").

20. As indicated above, the actual damage to the Property is extensive. The entire roof must be replaced. Soft metal components of the roof such as roof vents, caps, and pipe jacks must be replaced. The walls and ceilings in two interior rooms as well as the soffit and fascia of the outdoor area must be repaired and/or replaced. The actual covered damage to the Property caused by the Storms will cost Plaintiff approximately $66,923.38 to repair and/or replace.

21. Plaintiff contends that, upon information and belief, Allstate and the Adjusters set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's Claims for covered damages. At minimum, Allstate ratified the Adjusters' unreasonable and improper "adjustments" of the Claims, resulting in Plaintiff's Claims effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from Allstate's and the Adjusters' wrongful acts and omissions as set forth above and further described herein.

22. In short, Plaintiff has yet to receive the full amount of payment to which he is entitled under the Policy because his Claims were improperly and unreasonably adjusted.

## V. CAUSES OF ACTION

23. Plaintiff incorporates each and every previous paragraph by reference in the following:

### A. Breach of Contract

24.     Allstate had a contract of insurance with Plaintiff that covered the Property damage described above.  Allstate breached the terms of the contract by wrongfully denying the claim.  As a direct result, Plaintiff was damaged because he lost the benefit of the bargain, namely that in return for premium payments, Allstate would pay to repair the covered loss to the Property.  Therefore, this breach has damaged the Plaintiff by the amount needed to repair the Property less his deductible, which totals $50,656.38.

### B. Bad Faith/Unfair Settlement Practices

25.     Plaintiff pleads this cause of action in the alternative to their breach of contract claim.

26.     Allstate and Lowery are required to comply with the Texas Insurance Code's Unfair Settlement Practices section as outlined in Chapter 541.

27.     Allstate and Lowery violated Texas Insurance Code § 541.060 by:

    i.    Misrepresenting to Plaintiff a material fact or policy provision related to the coverage at issue;

    ii.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    iii.    Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in related to the facts or applicable law, for with Allstate's denial of a claim or offer of a compromise settlement for the claim;

    iv.    Refusing to pay the claim without conducting a reasonable investigation of the claim; and

    v.    Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights letter to them.

28.     Allstate, Lowery and Vera's violations damaged the Plaintiff, Mr. Savona, by depriving him the amount needed to repair the Property less his deductible.

### C. PROMPT PAYMENT OF CLAIMS STATUTE

29.     Allstate's failure to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Texas Insurance Code Article 542.051 et seq.

30.     As such, Plaintiff is entitled to an additional 18% interest on their claim for damages and attorneys' fees pursuant to Texas Insurance Code Article 542.060.

### D. ATTORNEYS' FEES

31.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against the defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32.     Texas Civil Practice and Remedies Code §§ 38.001-38.003 provides Plaintiff his reasonable and necessary attorneys' fees because he is represented by attorneys, presented the claim to the defendants and the defendants did not tender the amount owed within 30 days after they received the claim.

33.     Plaintiff is also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to the Texas Insurance Code §§ 541.152 and 542.060.

### VI. CONDITIONS PRECEDENT

34.     All conditions precedent to Plaintiff's right to recover have been fully performed, or alternatively, been waived by the defendants.

### VIII. REQUEST FOR DISCLOSURES

35.     Plaintiff request the defendants to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194.

36.     In addition, the defendants are requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days.

## IX. PRAYER

Plaintiff prays that, upon final hearing of the case, they recover all damages, including:

(i)     any amount owed under the Policy;
(ii)    pre-judgment interest;
(iii)   post-judgment interest;
(iv)    court costs;
(v)     attorneys' fees;
(vi)    interest amounts owed under the Texas Insurance Code's Prompt Payment of Claims provisions; and
(vii)   any other relief that she shows they are entitled to receive.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS LLP**

By: */s/ Sean H. McCarthy*
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Emaili: smccarthy@williamskherkher.com
E-mail: gbunnell@williamskherkher.com

AND

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
8441 Gulf Freeway, Sixth Floor
Houston, Texas 77017
Telephone:  (713) 713-230-2366
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

5/2/2019 10:08:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 33241713
By: TOLMAN, TAMMY E
Filed: 5/2/2019 10:08:09 AM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA,<br>    Plaintiff, | IN THE DISTRICT COURT |
| vs. | |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY, MARIA L.<br>VERA AND BENJAMIN LOWERY,<br>    Defendants. | 190TH JUDICIAL DISTRICT |
| | HARRIS COUNTY, TEXAS |

**ORDER DISMISSING MARIA L. VERA AND BENJAMIN LOWERY**
**WITH PREJUDICE**

    CAME ON TO BE CONSIDERED Defendant's Election of Legal Responsibility Under

Section 542a.006 of The Texas Insurance Code, and Motion to Dismiss Defendants, MARIA L.

VERA AND BENJAMIN LOWERY. The Court, after having considered same, does hereby hold

that Defendant's Motion should be GRANTED. IT IS THERFORE ORDERED that Defendants,

MARIA L. VERA AND BENJAMIN LOWERY are dismissed from this matter with prejudice.


    Signed the ____ day of _____, 2019.


                                        Signed:
                                        7/24/2019
                                        _____
                                        **JUDGE PRESIDING**

7/10/2019 9:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35000784
By: Ozuqui Quintanilla
Filed: 7/10/2019 9:01 AM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | 190TH JUDICIAL DISTRICT |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARIA L. VERA AND BENJAMIN LOWERY, | |
| | HARRIS COUNTY, TEXAS |
| Defendants. | |

## **DEFENDANTS' DESIGNATION OF LEAD ATTORNEY**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants designate Kimberly Blum of the firm of Susan L. Florence & Associates as Defendants' attorney in charge in this case, in place of Michael Maus, also of the same firm.  This substitution is not sought for delay.  The docket clerk is requested to take notice of this designation.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 10th day of July, 2019, to:

Sean H. McCarthy, Esq.
Williams Kherkher Hart Boundas, LLP
8441 Gulf Fwy Ste 600
Houston TX 77017

Andrew C. Cook, Esq.
The Cook Law Firm, PLLC
8441 Gulf Fwy, Sixth Flr
Houston TX 77017

**KIMBERLY BLUM**

7/9/2019 2:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34983602
By: Tammy Tolman
Filed: 7/9/2019 2:45 PM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | 190TH JUDICIAL DISTRICT |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARIA L. VERA AND BENJAMIN LOWERY, | HARRIS COUNTY, TEXAS |
| Defendants. | |

**NOTICE OF SUBMISSION ON ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE AND MOTION TO DISMISS DEFENDANTS, MARIA L. VERA AND BENJAMIN LOWERY**

Please take notice that on July 22, 2019 at 8:00am, Allstate Fire and Casualty Insurance Company's Election of Legal Responsibility under Section 542A.006 of the Texas Insurance Code and Motion to Dismiss Defendants Maria L. Vera And Benjamin Lowery will be considered by the Court via SUBMISSION without an oral hearing, unless demand for one is made by you.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN: 24092148

811 Louisiana St Ste 2400
Houston, TX 77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

Savona vs. Allstate, et al.
NOTICE OF SUBMISSION
0472683606.1

PAGE 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 9th day of July, 2019, to:

Attorneys for Plaintiff, Savona
Sean H. McCarthy, Esq.
Williams Kherkher Hart Boundas, LLP
8441 Gulf Fwy Ste 600
Houston TX 77017

Andrew C. Cook, Esq.
The Cook Law Firm, PLLC
8441 Gulf Fwy, Sixth Flr
Houston TX 77017

**KIMBERLY BLUM**

Case No.  201921403

SAVONA, ADAM

vs.

ALLSTATE FIRE AND CASUALTY INS

\*
\*
\*
\*
\*

**DCORX**

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

190th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **10/21/19**    **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **01/20/20**    Experts for parties seeking affirmative relief.
(b) **02/19/20**    All other experts.

3.    **STATUS CONFERENCE**.    Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)    Total hours per side for oral depositions.
(b)    Number of interrogatories that may be served by each party on any other party.

5.    **ALTERNATIVE DISPUTE RESOLUTION.**
(a)    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **02/19/20**    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **03/20/20**    **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a) **03/20/20**    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **03/20/20**    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)    Rule 166a(i) motions may not be heard before this date.

8. **03/20/20**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **03/20/20**    **PLEADINGS**.    All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:                Failure to appear will be grounds for dismissal for want of prosecution.

11. **04/20/20**    **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

SEAN H. MCCARTHY
8441 GULF FWY STE 600
HOUSTON TX 77017-5051

2    24065706

BEAU MILLER
Judge, 190TH DISTRICT COURT
Date Generated 05/02/2019

JCVO02
rev.11202006

Case No.  201921403

| | | |
|---|---|---|
| | | **DCORX** |
| SAVONA, ADAM | * | IN THE DISTRICT COURT OF |
| vs. | * | |
| | * | HARRIS COUNTY, TEXAS |
| ALLSTATE FIRE AND CASUALTY INS | * | |
| | * | 190th     JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **10/21/19**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a) **01/20/20**   Experts for parties seeking affirmative relief.
(b) **02/19/20**   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **02/19/20**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **03/20/20**   **DISCOVERY PERIOD ENDS**.   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a) **03/20/20**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **03/20/20**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8. **03/20/20**   **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **03/20/20**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:            Failure to appear will be grounds for dismissal for want of prosecution.

11. **04/20/20**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MICHAEL C MAUS
811 LOUISIANA ST STE 2400
HOUSTON TX 77002-1401

1    24008803

BEAU MILLER
Judge, 190TH DISTRICT COURT
Date Generated 05/02/2019

5/2/2019 10:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33241713
By: Tammy Tolman
Filed: 5/2/2019 10:08 AM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA,<br>     Plaintiff, | IN THE DISTRICT COURT |
| vs. | |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY, MARIA L.<br>VERA AND BENJAMIN LOWERY,<br>     Defendants. | 190TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

## <u>DEFENDANTS, MARIA L. VERA AND BENJAMIN LOWERY'S,<br>ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARIA L. VERA AND BENJAMIN LOWERY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### I.      <u>GENERAL DENIAL</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.      <u>DESIGNATED E-SERVICE EMAIL ADDRESS</u>

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

### III.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by this suit against Defendants, that Defendants be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendants may be justly entitled.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MORGAN KING**
TBN: 24078834

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2827
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

Unofficial Copy Office of Marilyn Burgess District Clerk

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 2nd day of May, 2019, to:

Attorneys for Plaintiff, Savona
Sean H. McCarthy, Esq.
Williams Kherkher Hart Boundas, LLP
8441 Gulf Fwy Ste 600
Houston TX 77017

Andrew C. Cook, Esq.
The Cook Law Firm, PLLC
8441 Gulf Fwy, Sixth Flr
Houston TX 77017                     *VIA E-SERVE*


_____
**MORGAN KING**

5/2/2019 10:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33241713
By: Tammy Tolman
Filed: 5/2/2019 10:08 AM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA,<br>    Plaintiff, | IN THE DISTRICT COURT |
| vs. | |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY, MARIA L.<br>VERA AND BENJAMIN LOWERY,<br>    Defendants. | 190TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE AND MOTION TO DISMISS DEFENDANTS, MARIA L. VERA AND BENJAMIN LOWERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("Allstate") and files its Election of Legal Responsibility for MARIA L. VERA AND BENJAMIN LOWERY Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.    BACKGROUND

Plaintiffs filed a claim with Allstate. The Claim was adjusted by one or more individuals at Allstate's request, including Defendants, MARIA L. VERA AND BENJAMIN LOWERY. Plaintiff filed this action naming as defendants Allstate, MARIA L. VERA AND BENJAMIN LOWERY. For purposes of this Election, MARIA L. VERA AND BENJAMIN LOWERY were Allstate's "agents" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.

## II.    ELECTION

Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability MARIA L. VERA AND BENJAMIN LOWERY might have to Plaintiff for MARIA L. VERA AND BENJAMIN LOWERY's acts or omissions

related to Plaintiff's claim subject of this suit and by this pleading Plaintiff is provided written notice of Allstate's election.

### III.   DISMISSAL OF JOEL BUENTELLO WITH PREJUDICE

Under section 542A.006(c) of the Texas Insurance Code and based on Allstate's Election, this Court "shall dismiss" this action against MARIA L. VERA AND BENJAMIN LOWERY with prejudice. Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

### PRAYER

FOR THESE REASONS, Allstate prays that this Election be filed with the records of this cause and that MARIA L. VERA AND BENJAMIN LOWERY be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

MORGAN KING
TBN: 24078834
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2827
(877) 684-4165 (fax)
ATTORNEY FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 2nd day of May, 2019 to:

MORGAN KING

5/2/2019 10:08:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 33241713
By: TOLMAN, TAMMY E
Filed: 5/2/2019 10:08:09 AM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA,<br>    Plaintiff, | IN THE DISTRICT COURT |
| vs. | |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY, MARIA L.<br>VERA AND BENJAMIN LOWERY,<br>    Defendants. | 190TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

**ORDER DISMISSING MARIA L. VERA AND BENJAMIN LOWERY
WITH PREJUDICE**

CAME ON TO BE CONSIDERED Defendant's Election of Legal Responsibility Under Section 542a.006 of The Texas Insurance Code, and Motion to Dismiss Defendants, MARIA L. VERA AND BENJAMIN LOWERY. The Court, after having considered same, does hereby hold that Defendant's Motion should be GRANTED. IT IS THERFORE ORDERED that Defendants, MARIA L. VERA AND BENJAMIN LOWERY are dismissed from this matter with prejudice.

Signed the ____ day of _____, 2019.

_____
**JUDGE PRESIDING**

4/26/2019 3:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33111039
By: Ozuqui Quintanilla
Filed: 4/26/2019 3:32 PM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA,<br>   Plaintiff, | IN THE DISTRICT COURT |
| vs. | |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY, MARIA L.<br>VERA AND BENJAMIN LOWERY,<br>   Defendant. | 190TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

## **DEFENDANTS' DESIGNATION OF LEAD ATTORNEY**

TO THE HONORABLE JUDGE OF THIS COURT:

    ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARIA L. VERA AND BENJAMIN LOWERY, hereinafter referred to as Defendant, whether one or more, pursuant to Rule 10, Texas Rules of Civil Procedure, designates MICHAEL MAUS of the firm of Susan L. Florence & Associates as defendant's attorney in charge in this case, in place of Morgan King of the same firm. This substitution is not sought for delay. The docket clerk is requested to take notice of this designation.

                              Respectfully submitted,

                              SUSAN L. FLORENCE & ASSOCIATES

                              /S/ Michael Maus
                              **MICHAEL MAUS**
                              TBN:  24008803
                              811 LOUISIANA ST STE 2400
                              HOUSTON, TX  77002-1401
                              HOUSTONLEGAL@ALLSTATE.COM
                              (713) 336-2842
                              (877) 684-4165 (FAX)

                              ATTORNEY FOR DEFENDANTS

Unofficial Copy Office of Marilyn Burgess District Clerk

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 26th day of April, 2019, to:

Attorneys for Plaintiff, Savona
Sean H. McCarthy, Esq.
Williams Kherkher Hart Boundas, LLP
8441 Gulf Fwy Ste 600
Houston TX 77017

Andrew C. Cook, Esq.
The Cook Law Firm, PLLC
8441 Gulf Fwy, Sixth Flr
Houston TX 77017

/S/ Michael Maus
**MICHAEL MAUS**

Unofficial Copy Office of Marilyn Burgess District Clerk

4/11/2019 10:54 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32696299
By: Lisa Thomas
Filed: 4/11/2019 10:54 AM

CAUSE NO. 201921403

| | |
|---|---|
| ADAM SAVONA,<br>    Plaintiff, | IN THE DISTRICT COURT |
| vs. | |
| | 190TH JUDICIAL DISTRICT |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY, MARIA L.<br>VERA AND BENJAMIN LOWERY,<br>    Defendants. | HARRIS COUNTY, TEXAS |

### DEFENDANT, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

## I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.    SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Defendant files this answer subject to its verified Motion to Abate.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit, including applicable deductibles,

depreciation, surface schedules and/or cosmetic roof surfaces exclusion. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

### III.    REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

### IV.    JURY DEMAND

Defendants, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

### V.    DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## VI.    **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

MORGAN KING
TBN: 24078834

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2827
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT,
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true

and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 11th

day of April, 2019, to:

Attorneys for Plaintiff, Savona
Sean H. McCarthy, Esq.
Williams Kherkher Hart Boundas, LLP
8441 Gulf Fwy Ste 600
Houston TX 77017

Andrew C. Cook, Esq.
The Cook Law Firm, PLLC
8441 Gulf Fwy, Sixth Flr
Houston TX 77017                          *VIA E-SERVE*


_____
**MORGAN KING**

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1.
LOWERY, BENJAMIN
ALLSTATE FIRE & CASUALTY INSURANCE CO
PO BOX 672041
DALLAS, TEXAS 75267

19-21403-190

9590 9402 3161 7166 1779 41

2. Article Number *(Transfer from service label)*

7018 1130 0002 1904 5705

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* MARIO ☐ C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2019 21403    MAR 29 2019

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess

USPS TRACKING #

9590 9402 3161 7166 1779 41

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 APR 10 AM 9: 47

4/10/19

BY MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box•

**MARILYN BURGESS, DISTRICT CLERK**
**HARRIS COUNTY, TEXAS**
**CIVIL INTAKE**
**P.O. BOX 4651**
**HOUSTON, TEXAS 77210**

**SENDER:** *COMPLETE THIS SECTION*

- ▪ Complete items 1, 2, and 3.
- ▪ Print your name and address on the reverse so that we can return the card to you.
- ▪ Attach this card to the back of the mailpiece, or on the front if space permits.

VERA, MARIA L
ALLSTATE FIRE & CASUALTY INSURANCE CO
PO BOX 672041
DALLAS, TEXAS 75267

*9-21403-190*

9590 9402 3161 7166 1779 58

2. Article Number *(Transfer from service label)*

7018 1130 0002 1904 5699

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
MARION COLE

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

201921403

MAR 29 2019

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Unofficial Copy Office of Marian Burgess



9590 9402 3161 7166 1779 58

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 APR 10 AM 9: 47

4-10-19

BY: _____
MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

Marilyn Burgess - District Clerk Harris County
Envelope No. 32517818
By: Ozuqui Quintanilla
Court Stamp Filed: 4/4/2019 3:11 PM

4/4/2019 3:11 PM

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | **District Court**<br>**190th Judicial District**<br>**of Harris County, Texas** | |
|---|---|---|
| Plaintiff | **ADAM SAVONA** | Cause #<br>**201921403** |
| Defendant(s) | **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ET AL.** | Came to Hand Date/Time<br>**4/04/2019    8:58 AM** |
| Manner of Service | **Personal** | Service Date/Time<br>**4/04/2019    2:47 PM** |
| Documents | **CITATION; PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS; PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS** | Service Fee:<br>**$77.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **4/04/2019** at **2:47 PM**: I served **CITATION, PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS, PLAINTIFF'S FIRST SET OF INTERROGATORIES and REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS** upon **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY c/o C T CORPORATION SYSTEM, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY c/o C T CORPORATION SYSTEM, REGISTERED AGENT, Who accepted service, with identity confirmed by subject stating their name, a black-haired Hispanic female approx. 18-25 years of age, 5'-5'4" tall and weighing 120-140 lbs with glasses** at **1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136.**

My name is: **Michael Jackson**. My date of birth is: **8/23/1963**

My address is: **2933 Mayfair Ln., Lancaster, TX 75134,** USA.

My process server identification # is: **PSC9897**. My Certification expires: **12/31/2020**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____Dallas_____ county, TX.

Michael Jackson

April 04, 2019

Date Executed

 The Cook Law Firm PLLC

Tracking # 0035432584

7019 1130 0002 1909 3709

CAUSE NO. 201921403

RECEIPT NO.                                          75.00      CTM
\*\*\*\*\*\*\*\*\*\*                    TR # 73606980

| | |
|---|---|
| PLAINTIFF: SAVONA, ADAM | In The 190th |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | of Harris County, Texas |
| | 190TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: LOWERY, BENJAMIN
    ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

    P O BOX 672041    DALLAS TX 75267

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS</u>

This instrument was filed on the <u>25th day of March, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 26th day of March, 2019, under my hand and
seal of said Court.

<u>Issued at request of</u>:                          MARILYN BURGESS, District Clerk
BUNNELL, PAUL GRIFFIN                              Harris County, Texas
8441 GULF FREEWAY SUITE 600                        201 Caroline, Houston, Texas 77002
HOUSTON, TX 77017                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (361) 676-6064
<u>Bar No.</u>: 24080815                            Generated By: CHAMBERS, WANDA  ULW//11191101

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy    of    this    citation    together    with    an    attached    copy    of
PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS
to the following addressee at address:

_____         ADDRESS

_____         Service was executed in accordance with Rule 106
                                         (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                 return receipt incorporated herein and attached
                                             hereto at
_____
                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____

                                         _____

                                         This citation was not executed for the following
                                         reason: _____

                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                         \*73606980\*

CAUSE NO. 201921403

RECEIPT NO.             75.00    '   CTM

\*\*\*\*\*\*\*\*\*\*            TR # 73606980

| | |
|---|---|
| PLAINTIFF: SAVONA, ADAM<br>vs.<br>DEFENDANT: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | In The   190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: LOWERY, BENJAMIN
     ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

     P O BOX 672041    DALLAS   TX   75267

     Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS</u>

This instrument was filed on the <u>25th day of March, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 26th day of March, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:
BUNNELL, PAUL GRIFFIN
8441   GULF FREEWAY SUITE 600
HOUSTON, TX   77017
Tel: (361) 676-6064
<u>Bar No.</u>: 24080815

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA   ULW//11191101

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of
 PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS
to the following addressee at address:

_____

ADDRESS

_____

(a) ADDRESSEE

_____

Service was executed in accordance with Rule 106
     (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

_____

on _____ day of _____, _____
by U.S. Postal delivery to _____
_____

This citation was not executed for the following reason: _____
_____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

\*73606980\*

7018 1130 0002 1704 5679

CAUSE NO. 201921403

RECEIPT NO.            75.00    CTM
       **********          TR # 73606979

| | |
|---|---|
| PLAINTIFF: SAVONA, ADAM<br>           vs.<br>DEFENDANT: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | In The   190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: VERA, MARIA L
    ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

    P O BOX 672041    DALLAS   TX   75267

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS</u>

This instrument was filed on the <u>25th day of March, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of March, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:
BUNNELL, PAUL GRIFFIN
8441 GULF FREEWAY SUITE 600
HOUSTON, TX 77017
Tel: (361) 676-6064
<u>Bar No.</u>: 24080815

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA . ULW//11191101

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS to the following addressee at address:

_____
_____

(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106
   (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                    *73606979*

*7018 1130 0002 1904 5679*

CAUSE NO.  201921403

RECEIPT NO.                                    75.00      CTM
          **********                    TR # 73606979

PLAINTIFF: SAVONA, ADAM                  In The    190th
              vs.                        Judicial District Court
DEFENDANT: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY    of Harris County, Texas
                                         190TH DISTRICT COURT
                                         Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: VERA, MARIA L
    ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

    P O BOX 672041   DALLAS TX 75267

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS</u>

This instrument was filed on the <u>25th day of March, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 26th day of March, 2019, under my hand and
seal of said Court.

<u>Issued at request of</u>:                    MARILYN BURGESS, District Clerk
BUNNELL, PAUL GRIFFIN                         Harris County, Texas
8441  GULF FREEWAY SUITE 600                 201 Caroline, Houston, Texas 77002
HOUSTON, TX  77017                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (361) 676-6064
<u>Bar No.</u>: 24080815                      Generated By: CHAMBERS, WANDA  ULW//11191101

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS
to the following addressee at address:

_____    ADDRESS
_____
                                   Service was executed in accordance with Rule 106
_____      (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                         return receipt incorporated herein and attached
_____      hereto at

                                   on _____ day of _____, _____
                                   by U.S. Postal delivery to _____

                                   This citation was not executed for the following
                                   reason: _____
                                   _____

                                   MARILYN BURGESS, District Clerk
                                   Harris County, TEXAS

                                   By _____, Deputy

N.INT.CITM.P                       *73606979*

2019-21403

03-26-19



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Sent To
ALLSTATE FIRE & CASUALTY INSURANCE CO
Street and Apt. No., or PO Box No.
PO BOX 672041
City, State, ZIP+4®
DALLAS, TEXAS 75267

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

MAR 2 6 2019

Marilyn Burgess
District Clerk
MAR 2 6 2019

Unofficial Copy Office of Marilyn Burgess District Clerk

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

2019-21403



03-26-19

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

3/25/2019 2:06:23 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32205943
By: CUERO, NELSON
Filed: 3/25/2019 2:06:23 PM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition with Discovery

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Maria L. Vera

Address of Service: Allstate Fire & Casualty Insurance Company, P.O. Box 672041

City, State & Zip: Dallas Texas 75267

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication Newspaper** _____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [x] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: P. Griffin Bunnell   Bar # or ID   24080815

Mailing Address: 8441 Gulf Freeway, 6th Floor

Phone Number: 713-230-2322